[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S REQUEST FOR EXECUTION
The plaintiff brought this summary process action in February of 1995 alleging nonpayment of rent. The defendant appeared pro se and filed an answer and special defenses. Counsel later appeared for the defendant, and the parties entered into a stipulation for judgment on March 10, 1995.
The stipulated judgment included, inter alia, a stay of execution until September 30, 1995 and an arrangement for payment of the arrearage and current use and occupancy with the understanding that "if the defendant meets all payments, as stated above, the defendant shall be reinstated as a tenant in good standing and shall have all rights and privileges . . . however, if the defendant fails to make any payment of arrearage or current use and occupancy on or before the date due, an execution shall immediately issue which the plaintiff shall use to physically dispossess and remove the defendant and all personal property from the premises which are the subject of this judgment."
The judgment also contained the following paragraph: "12. The defendant further acknowledges that she might be liable for additional fees and costs if she violates this stipulation and the plaintiff has to take additional legal actions as a result of said violation. The defendant agrees to reimburse the plaintiff for any additional costs incurred as a result of the defendant's violation of this stipulation." Paragraph 13 of the stipulation acknowledged that if the defendant permitted a person not on the lease agreement to reside in her apartment, this would also constitute a violation of the agreement for which an execution may issue.
In May of 1995, the plaintiff filed an affidavit of violation of stipulated judgment based on the claim that an unauthorized individual was being permitted to reside in the apartment. Later during the same month, the plaintiff filed an affidavit seeking execution based on a failure to pay current use and occupancy and/or arrearage payments. The defendant filed an affidavit objecting to the latter request for execution and no action was taken at that time.
In July, the plaintiff filed a new affidavit of noncompliance alleging failure to pay use and occupancy and arrearage payments due during the month of July, and it reclaimed its earlier requests for execution. The defendant filed an affidavit objecting to this execution. Again, no court action was taken at CT Page 13875 this time.
On August 18, 1995, the plaintiff filed yet another affidavit regarding noncompliance with the stipulation, alleging failure to pay use and occupancy and arrearage payments due during that month. The defendant filed an affidavit objecting to the execution claiming that the payment had been made, and the plaintiff withdrew its August affidavit re noncompliance with stipulation, indicating that "payment has been located".
On November 2, 1995, the plaintiff filed yet another affidavit re noncompliance with stipulation. Using Form JD-HM-22, which is designed for use when there has been a failure to pay use and occupancy or arrearage payments, the plaintiff claimed entitlement to an execution because of the failure to pay the sum of $125, which it alleged was the "amount due under paragraph 12 of judgment", the paragraph relating to defendant's potential liability for fees and costs if she violated the stipulation and the plaintiff had to take additional legal actions as a result. That paragraph, however, as quoted, supra, states only that "the defendant agrees to reimburse the plaintiff" for such costs, and it in no way makes a failure to do so a ground for obtaining an execution.
Plaintiff's counsel obtained an execution from the court based on the November 2, 1995 affidavit. When defendant's counsel learned of the execution, he pointed out to the chief clerk that a hearing should have been required, pursuant to Practice Book § 387a[1] and that plaintiff was not entitled to an execution based on the affidavit alone. The court then vacated the execution and scheduled a hearing. As a result of that hearing, the court agreed with the defendant that execution was improper, and it further granted her motion for fees pursuant to Practice Book § 111.
On November 16, 1995, the plaintiff filed yet another affidavit of violation of stipulated judgment. It did not use Form JD-HM-22, but rather submitted a typewritten affidavit. It again claimed that "the defendant, in order to remain in possession of the premises, is to reimburse the plaintiff for anyadditional costs incurred as a result of the defendant'sviolation of this stipulation." (Emphasis in original.) However, the three incidents that are alleged to have been violations requiring the plaintiff to incur costs and fees (the allegation of an unauthorized resident, the allegation of the failure to CT Page 13876 make the May 15, 1995 payment and the allegation of the failure to make the July 10 and July 15 payments) were all the subjects of a hearing to have been held before this court, Gaffney, J., on September 1, 1995. That court, following preliminary statements by counsel, indicated that it would be disinclined to allow the execution to issue. The court made no finding of any violations, and the plaintiff elected not to proceed further.
The plaintiff's present affidavit also recites: "The plaintiff's fee schedule to its counsel is to pay the minimum sum of $125 for each postjudgment procedure. Consequently, the sum of $375 is due and owing from the defendant to the plaintiff . . . Consequently, I am seeking an immediate summary process execution for possession of the premises now occupied by the defendant."
The defendant duly objected to the plaintiff's request for an execution based on this affidavit. Her objection is sustained.
That the defendant obligated herself to reimburse the plaintiff for reasonable costs and fees incurred in connection with violations of the stipulated judgment is absolutely clear. Although the plaintiff has alleged such violations, however, none of these violations has ever been proved.[2] Even assuming, for purposes of this discussion, that the three incidents that were the would-be subjects of the September 1 hearing were, in fact, "violations", the right to reimbursement contained within paragraph 12 of the stipulated judgment created no more than a contractual right on the part of the plaintiff to seek, and, if necessary, to compel reimbursement from the defendant. The paragraph is not included among those that specifically provide that a violation will result in the issuance of an execution upon the submission of an affidavit. Applying the old maxim, inclusiounius est exclusio alterii, it is clear that the failure to include the sanction of execution for failure to make reimbursement of fees and costs, when that sanction was explicitly included for failure to make use and occupancy payments and arrearage payments and for permitting an individual other than one named in the lease to reside with her, is fatal to the plaintiff's present request for an execution.
The plaintiff, having tried a second time now to obtain an execution based on its claim of nonreimbursement of its legal expenses, has obviously found this concept difficult to grasp. It is not clear if it believes that paragraph 12 is ambiguous and susceptible of more than one interpretation, but even if that CT Page 13877 were the case, any such ambiguity would have to be resolved against the plaintiff. When contract language is ambiguous or susceptible to different interpretations, "the language is to be construed against the [party] who drew it . . . and for whose benefit it was inserted." Sturman v. Socha, 191 Conn. 1, 9,463 A.2d 527 (1983). The stipulated judgment was printed on plaintiff's counsel's letterhead. Paragraph 12, which the court notes, appears to be a standard feature of the stipulated judgments into which this particular plaintiff enters, is clearly designed for its own benefit. Thus, even if the provision were to be viewed as ambiguous, which it should not be, that ambiguity would have to be construed against the plaintiff.
It must also be noted that paragraph eight of the stipulated judgment provided that "if the defendant meets all payments, as stated above, the defendant shall be reinstated as a tenant in good standing and shall have all rights and privileges" on September 30, 1995, the day to which execution had originally been stayed. The defendant having made those payments, she must be considered as having been reinstated as a tenant in good standing. Under those circumstances, an execution could not possibly enter against her without institution of new summary process proceedings. Despite the language mentioned above, the plaintiff argues that it is entitled to seek an execution as much as six months after any stay of execution has expired. In making this argument, it relies on General Statutes § 47a-41[3], whose provisions are triggered by General Statutes § 47a-26d[4]. Plaintiff, however, overlooks the fact that General Statutes § 47a-26d applies only to summary process trials. Where, as here, the parties stipulate to judgment, they are free to limit the period of time in which an execution may issue in any way upon which they can mutually agree. The plaintiff has not shown that it has even made a demand upon the defendant for payment of the $375 in fees it now claims to be due.[5] It defies logic to suggest that she should be seen as being in violation of the stipulated judgment when she has not even been formally asked to make the reimbursement, the nonpayment of which is now being advanced as justification for execution.
For all the above reasons, the objection to the request for execution is sustained.
At the time of the hearing on the request for execution, the defendant also moved for fees pursuant to Practice Book § 111, as she had at the previous hearing. This time, however, the CT Page 13878 plaintiff demanded that this motion not be heard because it had not been calendared. See Practice Book § 206. The plaintiff is entitled to rely on Practice Book § 206, and the court will not consider the motion for fees at this time.
Jonathan E. Silbert, Judge